HARLAN v. PORTER ET AL.

1. **Practice:** TRIAL UPON WRITTEN EVIDENCE. Where a case has been set down for trial upon written evidence, in pursuance of section 2742 of the Code, oral testimony is not admissible.

*Appeal from Keokuk District Court.*

WEDNESDAY, APRIL 9.

ACTION in chancery to quiet the title to land described in the petition. There was a decree granting relief sought for in a cross-bill filed by one of the defendants. Plaintiff appeals. The facts of the case appear in the opinion.

*C. G. Johnson* and *McJunkin, Henderson & Jones,* for appellant.

*Woodin & McJunkin,* for appellees.

BECK, CH. J.—The petition of plaintiff, praying that his title to the land therein described be quieted, was filed July 6, 1875. Porter was made the sole defendant, and in April, 1876, filed an answer and cross-bill asking that the title be quieted in himself.

On the 15th of April, 1876, plaintiff filed an amended

petition, making W. D. Merriam and others defendants. On the same day these defendants appeared, and the cause was set down by agreement for trial upon written evidence. December 4, 1876, Merriam filed a cross-bill praying that the title be quieted in him. It appears, from the abstract of title attached to his cross-bill, that he acquired title to the land by a conveyance executed by Porter after the petition of plaintiff was filed. On the same day the defendants other than Porter and Merriam disclaimed all interest in the land. On the 6th day of December, 1876, plaintiff dismissed his petition and amended petition, and filed an answer to Merriam's amended petition, and avers that he is the owner and in possession of the land.

The second count of the answer alleges that after the execution of the tax deed, under which Merriam claims title, plaintiff entered into a parol contract with the holder of the title under the tax deed to purchase that title; that plaintiff has been in possession of the land, and at all times ready to make payment therefor as stipulated in the contract, and that of these things Merriam has at all times had full notice.

Another count charges a fraudulent combination at the tax sale, whereby competition was prevented, to which Merriam was a party.

Upon filing this answer plaintiff moved the court to transfer the cause to the law docket, to be tried by a jury, on the ground that the issues were at law and not in equity. The motion was overruled. Upon the trial plaintiff sought to introduce oral testimony, which was refused. These rulings of the court are assigned for error, and present the only questions raised in the case.

II. The motion to transfer the case to the law side of the court was correctly overruled, for these reasons: After the

1. PRACTICE: trial upon written evidence. dismissal of plaintiff's petition the case stood upon Merriam's cross-bill, and plaintiff's answer thereto. The cross-bill sought to quiet defendants' title to the land as against plaintiff's claim. The case

made and the relief sought were clearly of equitable cogni-
zance. The defense pleaded by plaintiff in the second count
of his answer to the cross-bill, namely, an oral contract for
the purchase of the land, which was known to Merriam, was
a purely equitable defense. It could not have been urged had
the case been tried at law.

The case was clearly of equity jurisdiction, and the court
correctly overruled the motion to transfer it to the law docket.

III. The court, at the term when Merriam was first re-
quired to appear, and upon his appearance, ordered the cause
to be tried upon written evidence. This order was properly
made pursuant to Code, § 2742. The plaintiff, therefore,
could not present oral testimony upon the trial, and the court
correctly so ruled.

The plaintiff's argument, based upon his right to a jury
trial, is sufficiently answered by the consideration that the
case was in equity, to be tried as all issues are triable in that
forum.

No other questions are presented in this case.

The judgment of the District Court is

AFFIRMED.